Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 4503 | **DATE** | November 27, 2006 |
| **CASE TITLE** | *Redmond v. Fifth Third Bank, et al.* | | |

**DOCKET ENTRY TEXT:**

The court hereby issues a rule to show cause, as detailed below, directed at attorney David Von Ebers and returnable by December 12, 2006. In the meantime, the court will hold the appellant's motion to vacate [#6] in abeyance. Once the court has resolved the sanctions issue, it will provide the appellee with an opportunity to submit a request for fees, rule on the motion to vacate, and set a firm briefing schedule for this appeal.

■ [ For further details see text below.]

## STATEMENT

The notice of appeal in this bankruptcy appeal was docketed on August 21, 2006. On August 29, the court entered an order stating that:

The record in this bankruptcy appeal was entered on the docket on August 22, 2006. The court reminds the parties that briefing will proceed in accordance with Rule 8009 of the Bankruptcy Rules. If the appellant fails to file a timely brief, this appeal will be dismissed for want of prosecution, and if the appellee fails to file a timely brief, the court will proceed without the benefit of its views. The court also notes that motions for extensions will be disfavored.

The appellant failed to file a brief despite the court's clear warning that the case would be dismissed if he failed to do so. On September 14, 2006, the court entered an order stating:

On August 29, 2006, the court issued an order noting that the record in this bankruptcy appeal was entered on the docket on August 22, 2006. It also reminded counsel that briefing would proceed in accordance with Rule 8009 of the Bankruptcy Rules, which requires the appellant to file his brief fifteen days after the entry of the appeal on the docket. In addition, the court

(continued)

| | |
|---|---|
| Courtroom Deputy Initials: | RTS/c |

## STATEMENT

warned the appellant that if he failed to file a timely brief, the court would dismiss his appeal for want of prosecution. The appellant has failed to file a brief within the time prescribed by Rule 8009. Accordingly, this appeal is hereby dismissed for want of prosecution. *See e.g., Harrington v. City of Chicago*, 433 F.3d 542 (7th Cir. 2006). The clerk is directed to terminate this case from the court's docket.

This order was entered on the court's docket on September 15, 2006. Almost two months later, on November 5, 2006, the appellant, through his attorney David Von Ebers, filed a motion to vacate the dismissal. Counsel blamed his lack of attention to this case on difficulties associated with an office move, his efforts to start a solo practice, and delays associated with becoming registered with the court's electronic filing system.

The court may vacate a judgment under Rule 60(b)(1) based on "excusable neglect." However, relief under Rule 60(b) is extraordinary and thus is appropriate only if exceptional circumstances exist. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). This court is vested with discretion when determining if attorney neglect is excusable and thus warrants relief under Rule 60(b)(1). *Id.*

Attorney carelessness can constitute the kind of inadvertence or excusable neglect envisioned by Rule 60(b)(1). *See Pioneer Inv. Serv., Inc. v. Brunswick Assoc.*, 507 U.S. 380, 388 (1993) ("neglect . . . . encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness"). The determination as to whether a specific act or omission constitutes excusable neglect turns on the equities. *Id.* at 395. Relevant considerations include the reason for the delay, the length of the delay, whether the movant acted in good faith, the danger of prejudice to the defendant, the length of the delay's potential impact on judicial proceedings. *Id.* However, the Seventh Circuit has stressed that "attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant." *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004). Thus, a lawyer who fails to file a brief on time "cannot expect the judge to rouse him, or permit him to catch up with a case that has passed him by. Missing a filing deadline because of slumber is fatal." *Id.*; *Harrington v. City of Chicago*, 433 F.3d 542, 548 (7th Cir. 2006) (neglect due to a busy schedule is not excusable).

The court recognizes, as it must, the Seventh Circuit's teachings on the effect of attorney negligence with respect to missed deadlines. Moreover, a wanton disregard for deadlines set by the court is inexcusable: it is disrespectful, leads to delays for all the other litigants in the queue, and makes it impossible for the court to manage its cases. The court simply cannot condone the conduct of an attorney who abandons his client, ignores court orders, and then surfaces weeks later and expects to resume proceedings without any repercussions. This is what occurred in this case, as the excuses proffered by counsel here are meritless. Counsel was aware he had filed an appeal and that the bankruptcy rules set an automatic briefing schedule. It is established beyond peradventure that counsel has an obligation to check the docket and to otherwise monitor the progress of his case. Finally, an inability to file electronically does not prevent counsel from filing manually in the interim or, at the very least, filing a motion for an extension or contacting the court's clerk.

(continued)

## STATEMENT

This does not augur well for the debtor-appellant, as "a client is bound by his chosen agent's deeds, whether it be negligence, gross negligence, or even wilful conduct." *See, e.g., United States v. 8136 S. Dobson St.*, 125 F.3d 1076, 1084 (7th Cir. 1997). After serious consideration of the equities in this case and in the exercise of its discretion, however, the court finds that under *Pioneer*, Rule 60(b)(1) relief is appropriate. Specifically, as discussed above, the reasons given for the delay and the length of the delay weigh against vacating the judgment. Moreover, while counsel's delicts may have been due to poor judgment as opposed to bad faith, attorney inattentiveness to litigation cannot by itself support a grant of Rule 60(b)(1) relief. *See Easley v. Kirmsee*, 382 F.3d at 698.

The final factors identified by the Supreme Court in *Pioneer*, however, tilt in favor of relief. First, there is absolutely no danger of prejudice to the defendant if this appeal progresses. The only possible prejudice to the defendants is the cost of responding to the motion to vacate, and that can and will be remedied if this appeal proceeds. Second, the impact on judicial proceedings caused by the delay is negligible. The only possible prejudice is to the court, which has had to spend time on the motion to vacate that would have been better spent on litigation filed by attorneys who complied with the rules and were otherwise advancing the court's efforts to efficiently manage the cases on its docket. But again, that can be remedied if this case proceeds. Moreover, this case was at its inception when the appellant's attorney made the serious mistake in judgment that led to the entry of a dismissal for want of prosecution. Finally, the court can fashion relief that will make the court and the parties whole, while allowing the court to promote the fair administration of justice by rendering a decision on the merits for the debtor-appellant.

In short, the court does not condone the sort of carelessness exhibited by the appellant's lawyer. The court also hopes that counsel appreciates just how close he was to receiving an order denying his motion to vacate. Nevertheless, in the exercise of its discretion, the court is willing to give counsel one final chance to file his brief, conditioned upon him recompensing opposing counsel and the court for the time spent addressing the motion to vacate.

The brings the court to the matter of appropriate recompense. When warranted, a district court may issue an admonition or censure, require participation in continuing legal education programs, refer the matter to the appropriate disciplinary authorities, order remedial actions to be taken, order a fine payable to the court, or "sanction the offending party by forcing him to compensate his opponent for the trouble he has caused." *Schmude v. Sheahan*, 312 F.Supp.2d 1047, 1095 (N.D. Ill. 2004). Before imposing sanctions, the court must first provide notice and an opportunity to be heard. *Id*. Accordingly, the court hereby issues a rule to show cause directed at attorney David Von Ebers and returnable by December 12, 2006. The court contemplates: (1) awarding the appellee all of the fees and costs associated with responding to the motion to vacate (including fees associated with the preparation of the response to the motion to vacate and any request for those fees); and (2) sanctioning Mr. Von Ebers $1,000 payable to the Clerk of the Court, to be placed in the District Court general fund and to be used to enhance access to the federal court system by deserving and needy litigants. The court believes that these monies would appropriately redress the harm that Mr. Von Eber's actions have caused, demonstrate the seriousness with which the court views the neglect underlying this order, and promote the administration of justice by allowing the court to resolve this appeal on the merits. In the meantime, the court will hold the appellant's motion to vacate in abeyance. Once the court has resolved the sanctions issue, it will provide the appellee with an opportunity to submit a request for fees, rule on the motion to vacate, and set a firm briefing schedule for this appeal.